UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and<br>(2) TIMMY HUNT,<br><br>Defendants | Criminal No. 20-10119<br><br>Violations:<br><br>Count One: Distribution of and Possession with Intent to Distribute Cocaine Base; Aiding and Abetting<br>(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)<br><br>Count Two: Distribution of and Possession with Intent to Distribute Cocaine Base; Aiding and Abetting<br>(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)<br><br>Count Three: Conspiracy to Distribute and to Possess with Intent to Distribute 28 Grams or More of Cocaine Base<br>(21 U.S.C. §§ 846, 841(b)(1)(B)(iii))<br><br>Forfeiture Allegation:<br>(21 U.S.C. § 853) |

INDICTMENT

COUNT ONE
Distribution of and Possession with Intent to Distribute
Cocaine Base; Aiding and Abetting
(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)

The Grand Jury charges:

On or about February 26, 2020, in the District of Massachusetts, the defendants,

 and
(2) TIMMY HUNT,

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule

1

II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT TWO</u>
Distribution of and Possession with Intent to Distribute
Cocaine Base; Aiding and Abetting
(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about March 2, 2020, in the District of Massachusetts, the defendants,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and

(2) TIMMY HUNT,

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT THREE
Conspiracy to Distribute and to Possess with Intent to Distribute
28 Grams or More of Cocaine Base
(21 U.S.C. §§ 846, 841(b)(1)(B)(iii))

The Grand Jury further charges:

From on or about February 26, 2020 through on or about March 2, 2020, in the District of Massachusetts, the defendants,

██████████████████████████████ and
(2) TIMMY HUNT,

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count Three involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) is applicable to this Count.

It is further alleged that, with respect to Count Three, 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, ██████████████ and (2) TIMMY HUNT. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) is applicable to defendants ██████████████████ and (2) TIMMY HUNT.

All in violation of Title 21, United States Code, Section 846.

4

Before defendant (2) TIMMY HUNT, committed the offenses charged in this case, the defendant had been convicted of Trafficking Over 28 Grams of Cocaine in violation of Massachusetts General Laws Chapter 94C, Section 32E(b) (*see Commonwealth v. Timmy Hunt,* 1181CR00900), a serious drug felony, for which the defendant served a term of imprisonment of more than 12 months, and for which the defendant's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts One through Three, the defendants,

███████████████████████████████ and

(2) TIMMY HUNT,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following assets

   a. $2,300 to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1 as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
ELIANNA J. NUZUM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JUNE 23, 2020
Returned into the District Court by the Grand Jurors and filed.

                                        Dawn M. King 2:48pm
                                        DEPUTY CLERK