UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

TIMMY HUNT,

       Defendants.

Case No. 20-CR-10119-DJC

### DEFENDANT TIMMY E. HUNT'S DECLARATION IN SUPPORT OF HIS MOTION TO SUPPRESS

I, Timmy E. Hunt, declare and affirm:

1. On March 14, 2019, I was arraigned in Massachusetts Superior Court for Suffolk County in case number 1984-CR-00085 on charges relating to carrying a firearm without a license. The Court ordered that I could be released once I posted $15,000 in cash bail, and subject to the condition that I be on house arrest. (*See* Order of Pretrial Release and Conditions, attached as Exhibit A). To the best of my recollection, I was not given any forms or other documentation related to pretrial release at this time, nor were the conditions further explained to me, other than the judge saying that if I was able to post bail, I would be required to be on GPS monitoring in connection with my house arrest. Because I could not afford bail, I spent the next three and a half months in pretrial detention (I had previously been detained on the charges in Roxbury District Court, before the case was removed to Suffolk).

2. By July 1, 2019, I was able to arrange the posting of $15,000 in cash bail. I met with a Probation employee on that date, but did not go to court. I was told at that time that I

would be released to house arrest with an electronic bracelet for GPS monitoring. As I recall, my lawyer was not present on July 1, 2019. To the best of my recollection, a Probation officer gave me the form and told me verbally that I had to stay on house arrest, wear a GPS monitor at all times, keep in contact with my Probation officer, and show up to court on time. She told me that a warrant would be issued for my arrest if I did not show up to court or did not follow any of the conditions of my release. I was told I needed to sign a form concerning my release conditions in order to be released, and I did so.

3.   I looked at the attached form only briefly and then signed on the front and back. I did not read all the fine print. No one read the form aloud to me, and to the best of my recollection, the Probation officer did not tell me anything else about the form or other details regarding my release. She only spoke to me briefly before showing me where to sign. In signing the form, I did not believe that I was agreeing to the GPS monitoring. Rather, it was my understanding that it was being required of me if I wanted to be released to home detention. Also, no one ever stated to me, and I did not understand, that the GPS information could be used for any purposes other than making sure I stayed at my home when I was supposed to and appeared in court when required.

4.   In the weeks after my release on bail, I was able to find work, and my lawyer and Probation officer arranged for my home detention to be reduced so that I could work and earn money. By October 2019, I was able to work six days a week for a moving company, with hours that varied from day to day. As a result, the terms of my home confinement were changed twice to permit me to be able to leave the house for work, while remaining on GPS monitoring. The second change was made on October 4, 2019, when my house arrest was reduced to a curfew

that was in place on Sunday nights from 10:30 p.m. to Monday mornings at 7:30 a.m., since that was the one night that I was never scheduled for work.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 7 day of May, 2021.

_____
TIMMY E. HUNT

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2021.

Date: May 7, 2021    */s/ John J. Falvey Jr.*
                                        John J. Falvey, Jr.